D19696(0346) MOV:pdo 4/09/96

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| HUMBERTO MATA BRIONES AND WIFE, GUADALUPE MATA, INDIVIDUALLY AND AS NEXT FRIENDS OF HUMBERTO ALFREDO MATA, A MINOR | § | |
| VS. | § | CIVIL ACTION NO. M-96-053 |
| ALAMO ENTERPRISES BUILDING SUPPLIES, INC.; MOOR'S LUMBER & BUILDING SUPPLIES, D/B/A ALAMO ENTERPRISES BUILDING SUPPLIES, INC.; AND KELLER INDUSTRIES, INC. | § | |

## DEFENDANT ALAMO ENTERPRISES' PETITION FOR REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **ALAMO ENTERPRISES BUILDING SUPPLIES, INC., MOORE'S LUMBER & BUILDING SUPPLIES D/B/A ALAMO ENTERPRISES BUILDING SUPPLIES, INC.** and removes the above-entitled case to U.S. District Court, Southern District, McAllen Division, based on the following:

1. Defendant Alamo Enterprises is a Defendant in a products liability lawsuit filed in Hidalgo County, Texas styled, **Cause No. C-3316-93-E, Humberto Mata Briones and Wife, Guadalupe Mata, Individually and as Next Friends, of Humberto Alfredo Mata, A Minor vs. Alamo Enterprises Building Supplies, Inc.; Moore's Lumber Building Supplies, d/b/a Alamo Enterprises Building Supplies, Inc. and Keller Industries, Inc., in the 275th District Court, Hidlago County, Texas.** This Defendant is a retailer of ladders manufactured by Co-Defendant Keller Industries.

2. On April 2, 1996 Defendant Keller Industries filed bankruptcy in Cause Number 96-484 in the U.S. Court Bankruptcy Court, District of Delaware under Title 11 of the United States Code. (See Exhibit A attached hereto and incorporated by reference herein.) Defendant Alamo Enterprises was apprised of this filing by Co-Defendant Keller's Plea in Bar filed on April 8, 1996 (See Exhibit B attached hereto and incorporated by reference herein.)

3. A federal question has now been injected into this lawsuit as Co-Defendant Alamo Enterprises, the retailer, has a pending cross-action against now bankrupt Co-Defendant Keller Industries, Inc., the manufacturer for contribution and indemnity as a "downstream" conduit of an allegedly defectively designed ladder. This contribution and indemnity is based on Texas common-law and contractual bases. Additionally, Plaintiff, through their expert witness have alleged failure to warn and labeling causes of actions against Defendants.

4. This petition is timely under 28 U.S.C. § 1446(b). True and correct copies of the following documents are attached hereto, pursuant to 28 U.S.C. §1446 (b) and Amended Local Rule 3J:

(1) All executed process in the case;

(2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

(3) All orders signed by the state judge;

(4) A copy of the docket sheet;

(5) An index of matters being filed; and

(6) A list of all counsel of record, including addresses, telephone numbers and parties represented.

5. 28 U.S.C. §1441(a) permits removal of civil cases pending in state courts where a district court of the United States has original jurisdiction.

6. 28 U.S.C. §1446(b) permits removal within 30 days of receipt of a pleading, motion, or order which indicates that the case is removable. Consequently, this removal action is timely filed.

7. 28 U.S.C. §1331 states that "district courts have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States."

8. 28 U.S.C. §1334(b) establishes original jurisdiction with the district courts in "all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." This case is inextricably intertwined with the bankruptcy of Co-Defendant Keller Industries, Inc., the ladder manufacturer as Alamo, the retailer, has a common-law and contractual indemnity rights against the bankrupt party for the product liability allegations made against both the manufacturer and the retailer. As Co-Defendant Keller Industries, Inc. has a $1 million self-insured retention, this Defendant's right to said indemnity is materially affected by the bankruptcy. Therefore, removal is appropriate.

9. Therefore, Defendant Alamo removes this case to this Court on the above-said bases.

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN, DUNHAM & BROWN, L.C.**
One Park Place
100 E. Savannah, Suite 500
McAllen, Texas 78503
(210) 630-3080
(210) 630-0189 fax

BY: Miriam O. Victorian
MIRIAM O. VICTORIAN
State Bar No. 20576700
Federal I.D. No. 10469
ATTORNEY FOR DEFENDANT ALAMO ENTERPRISES BUILDING SUPPLIES, INC., AND MOOR'S LUMBER & BUILDING SUPPLIES, D/B/A ALAMO ENTERPRISES BUILDING SUPPLIES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record, was mailed certified mail, return receipt requested on this the 10th day of April, 1996.

Mr. William Hubbard
**LAW OFFICES OF JOE GARCIA**
4301 N. McColl
McAllen, Texas 78504
**ATTORNEYS FOR PLAINTIFFS**

Mr. Anthony B. James
**HODGE & JAMES, L.L.P.**
134 E. Van Buren Street
Third Floor, Suite 310
Harlingen, TX 78550
**ATTORNEYS FOR DEFENDANT KELLER INDUSTRIES, INC.**

Mr. Jonathan P. Schaefer
PURCELL & WARDROPE, CHTD.
300 South Wacker Drive, Suite 800
Chicago, IL 60606
**ATTORNEYS FOR DEFENDANT**
**KELLER INDUSTRIES, INC.**

Miriam O. Victorian

MIRIAM O. VICTORIAN

D19696(0346) MOV:pdo 4/09/96

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| HUMBERTO MATA BRIONES AND WIFE, GUADALUPE MATA, INDIVIDUALLY AND AS NEXT FRIENDS OF HUMBERTO ALFREDO MATA, A MINOR | § | |
| VS. | § | |
| ALAMO ENTERPRISES BUILDING SUPPLIES, INC.; MOOR'S LUMBER & BUILDING SUPPLIES, D/B/A ALAMO ENTERPRISES BUILDING SUPPLIES, INC.; AND KELLER INDUSTRIES, INC. | § | CIVIL ACTION NO. **M-96-053** |

## INDEX OF MATTERS TO BE FILED

1. CIVIL DOCKET SHEET
2. PLAINTIFF'S ORIGINAL PETITION
3. CITATION: MOORE LUMBER & BUILDING SUPPLIES, D/B/A ALAMO ENTERPRISES BUILDING SUPPLIES, INC.
4. CITATION: HORACIO SALINES
5. CITATION: KELLER INDUSTRIES, INC.
6. CITATION: ALAMO ENTERPRISES BUILDING & SUPPLIES, INC.
7. PLAINTIFFS' FIRST AMENDED PETITION
8. DEFENDANT ALAMO'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED ANSWER
9. DEFENDANT HORACIO L. SALINAS' ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION
10. DEFENDANT KELLER'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION
11. PLAINTIFFS' SECOND AMENDED PETITION

12. DEFENDANT ALAMO'S CROSS-ACTION AGAINST KELLER INDUSTRIES

13. DEFENDANT ALAMO'S FIRST AMENDED ORIGINAL ANSWER

14. PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES AND PRODUCTION OF EXPERTS' REPORT

15. DEFENDANT ALAMO'S SPECIAL EXCEPTIONS

16. DEFENDANT KELLER'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION

17. DEFENDANT KELLER'S CROSS-ACTION AGAINST ALAMO

18. DEFENDANT ALAMO'S PLEA IN ABATEMENT

19. PLAINTIFFS' SPECIAL EXCEPTIONS TO DEFENDANT ALAMO'S FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

20. PLAINTIFFS' THIRD AMENDED PETITION

21. DEFENDANT KELLER'S SECOND AMENDED ANSWER

22. DEFENDANT ALAMO'S CROSS-ACTION AGAINST HORACIO SALINAS

23. DEFENDANT ALAMO'S SECOND AMENDED ORIGINAL ANSWER

24. PLAINTIFFS' SPECIAL EXCEPTIONS TO DEFENDANT ALAMO'S SECOND AMENDED ORIGINAL ANSWER

25. DEFENDANT ALAMO'S THIRD AMENDED ORIGINAL PETITION

26. DEFENDANT ALAMO'S FOURTH AMENDED ORIGINAL ANSWER

27. DEFENDANT KELLER'S THIRD AMENDED ANSWER

28. DEFENDANT KELLER INDUSTRIES' PLEA IN BAR AND BANKRUPTCY FILING

29. ORDER SETTING HEARING KELLER INDUSTRIES' SPECIAL EXCEPTIONS

30. ORDER GRANTING PLAINTIFFS' MOTION FOR DOCKET CONTROL CONFERENCE AND FOR JURY TRIAL

31. ORDER SETTING HEARING ON DEFENDANT'S MOTION TO COMPEL

32. ORDER SETTING HEARING ON DEFENDANT'S MOTION TO BIFURCATE TRIAL REGARDING ISSUE OF PUNITIVE DAMAGES

33. ORDER SETTING HEARING DATE ON PLAINTIFFS' MOTION TO COMPEL

34. ORDER SETTING HEARING ON DEFENDANT KELLER'S MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES, MOTION TO PRESERVE EVIDENCE, AND MOTION TO DESIGNATE EXPERTS

35. ORDER GRANTING DEFENDANT ALAMO'S MOTION FOR BIFURCATED TRIAL

36. ORDER SETTING HEARING ON MOTION TO DISCLOSE EXPERTS AND DOCTORS AND REDUCE TO TANGIBLE FORM THE OPINIONS, FACTUAL OBSERVATIONS, PHYSICAL FINDINGS AND TEST RESULTS OF EXPERTS AND DOCTORS

37. ORDER SETTING HEARING PATRICK J. CALLAHAN AND JONATHAN P. SCHAEFER'S MOTION TO APPEAR PRO HAC VICE AS CO-COUNSEL FOR DEFENDANT KELLER INDUSTRIES, INC.

38. ORDER GRANTING DEFENDANT KELLER'S MOTION TO BIFURCATE TRIAL REGARDING ISSUES OF PUNITIVE DAMAGES, MOTION TO PRESERVE EVIDENCE, AND MOTION TO DESIGNATE EXPERTS

39. ORDER SETTING HEARING DATE OF DEFENDANT SALINAS' FIRST MOTION FOR CONTINUANCE

40. ORDER FOR NON-SUIT

41. ORDER SETTING HEARING DATE ON PLAINTIFFS' MOTION FOR DOCKET CONTROL CONFERENCE

42. ORDER SETTING TRIAL DATE

43. ORDER SETTING HEARING ON DEFENDANT ALAMO ENTERPRISES' MOTION FOR SUMMARY JUDGMENT

44. STAY ORDER

45. NOTICE OF FILING REMOVAL

46. LIST OF ALL COUNSEL OF RECORD AND PARTIES INCLUDING THEIR ADDRESS